## AMBASSADOR APARTMENTS, Inc., v. PORTER, Price Administrator.

### No. 310.

United States Emergency Court of Appeals.

Heard at New York June 10, 1946.

Decided Oct. 16, 1946.

As Amended November 25, 1946.

Henry N. Rapaport, of New York City (Rapaport Brothers, of New York City, on the brief), for complainant.

Harry H. Schneider, Chief, Court Review Rent Branch, of Washington, D. C. (Richard H. Field, Gen. Counsel, Jacob D. Hyman, Associate Gen. Counsel, and Charles P. Liff and Walter L. Reitz, Jr., Attys., all of Washington, D. C., on the brief), for respondent.

Before MARIS, Chief Judge, and MAGRUDER and LINDLEY, Judges.

MARIS, Chief Judge.

The complainant is the owner of a private dwelling house located at 332 West 83rd Street, New York City. During the period from April through September, 1944 the complainant remodelled the premises into an apartment house having nine rental dwelling units. Eight of the apartments were first rented as of September 1, 1944 and one as of October 1, 1944.

About September 21, 1944 complainant received a letter from the Office of Price Administration directing attention to the fact that failure to file registration statements was a violation of the regulation and advising the complainant that no such statements had been received from it. On September 23, 1944 the complainant wrote and requested ten days within which to register. The registration statements were thereafter filed with the area rent office and were noted filed as of October 14, 1944. The first rents were reported in the registration statements as the maximum rents.

By orders issued in May and June, 1945 the area rent director reduced the maximum rents for seven of the nine apartments, effective as of September 1, 1944, the date of their first renting. On July 11, 1945 the area rent director issued an order reducing the maximum rent for the eighth apartment, of which the first renting was October 1, 1944, to be effective beginning with the next regular rent payment period. One of the nine apartments had in the meantime been withdrawn from the rental market and no order was made as to it. The complainant filed its protest directed to all eight reduction orders. The protest was denied by order dated

February 16, 1946. The present complaint was thereafter filed in this court.

Some of the issues raised by this complaint, such as the attack upon the regulation and the formula implementing the regulation, as well as the alleged deprivation of procedural due process, are substantially identical with those raised by the complainants in Victor v. Porter, Em. App., 157 F.2d 769, and discussed and disposed of by this court in an opinion filed this day in that case. We are satisfied that a similar disposition must be made of those issues in this case.[1]

There are, however, several additional issues raised by this complaint, which must here be considered and decided. We turn first to the contention that the area rent director abused his discretion in refusing to excuse the complainant's failure to file the registration statements on time and in making his reduction orders retroactive.

The Rent Regulation for Housing in the New York Defense Rental Area [2] requires that the landlord file registration statements with the area rent director within 30 days after the date of first renting; that rents in excess of the maximum rents are held subject to refund to the tenants in the absence of timely registration statements and that the landlord may be relieved of the obligation to refund if he was not at fault in failing to file the registration statements. The complainant suggests that the dates recorded by the area rent office as the times of the filing of the registration statements are inaccurate. The facts are clear, however, and the complainant admits, that in the case of seven apartments the registration statements were not filed within 30 days after the first renting. The complainant was granted leave to and did present evidence which it contends sustains its position that the area rent director was under the duty to find the complainant without fault.[3]

The circumstances relied upon by the complainant, briefly summarized, are that the apartments were not completed and were not occupied by September 1, 1944 although rented as of that date; that the individuals who owned and controlled the complainant corporation were foreigners without knowledge of the many procedural and rent regulations and that they did ask for a time extension and in the absence of a refusal were justified in the assumption that the extension had been granted.

We do not think these circumstances taken separately or in conjunction were such as to compel the conclusion that the complainant was without fault. The critical date is the date of renting rather than of completion or occupancy. The individuals were not ignorant of the necessity for filing since the area rent office brought that knowledge home to them. Even if the assumption that the request for an extension of ten days had been granted were warranted the extended period had also elapsed prior to the actual time of filing. We conclude that the area rent director did not abuse his discretion in making the reduction orders retroactive. Nor is there any basis in the record to sustain the complainant's suggestion that the area rent director did not exercise his discretion but merely took orders from some undesignated person or persons in the Administrator's office in Washington and we find this contention without merit.

The complainant attacks the reduction orders upon the merits. It alleges that the floor space areas reported by Hanlon, the inspector whose report was the basis of the area rent director's orders, of many of the housing accommodations which he cited as comparable were much larger than the actual areas. It asserts that this is disclosed by a comparison with a report submitted by Inspector Saltzman in the case of Victor v. Porter, Em.App.,

[1] The record in this case does, however, disclose that at the area level the complainant was fully informed prior to the entry of the reduction orders of the evidence relied on by the area rent director.

[2] 8 F.R. 13914.

[3] For an example of such a situation see Peters v. Porter, 1946, Em.App., 157 F.2d

186, in which this court held that where the conditions requiring the filing of a new registration statement were so concealed in the regulation as not to be apparent to a landlord of reasonable intelligence the landlord's failure to file the statement on time was excusable because he was not at fault.

157 F.2d 769 in which the identical accommodations were relied upon as comparable. It argues that the effect of computing the rentals upon the basis of larger areas is to reduce the space unit rental value and thus affect the complainant adversely. It draws attention to miscomputations in the report. It alleges that no allowance was made in the Hanlon report for the furnishing of heat and hot water by gas, janitorial services, and wood burning fireplaces in operating condition in the subject accommodations. It argues further that the Hanlon report is perjurious to such an extent as to deprive it of any evidentiary value.

There are undoubtedly discrepancies between the floor space areas as given in the Hanlon and Saltzman reports. The Administrator suggests that these discrepancies may have resulted from different methods of measurement. What is significant is that Inspector Hanlon's method of measurement was consistently utilized by him both as to the subject and comparable accommodations. The assertion that Inspector Hanlon merely copied an earlier report by Inspector Aldrich is directly contradicted by Hanlon's affidavit in which he asserts that he personally inspected all housing accommodations included in his report as well as examined the original Aldrich report. The Administrator was satisfied that the data in the report represented the results of Hanlon's own personal survey and experience. The allegation that Hanlon did not make allowances for the items mentioned is contradicted by his report and affidavit.

One objection to the application of the formula not made in Victor v. Porter, is that the Administrator failed to allocate the allowance for increased costs of construction among the apartments with regard to their relative size and the actual amounts expended on the improvement of each. It is true that here the Administrator made a uniform allowance of $2 per month per apartment on this account. But a strict application of the formula—applied to each apartment equally—would have resulted in an allowance of but 76 cents per month. We think that the indicated margin of $1.24 per month is sufficient to cover the additional allowance to which the larger apartments might be entitled on a weighted basis.

A judgment will be entered dismissing the complaint.